IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 08-00204-KD |
| | ) | (Civil Action No. 09-00734-KD-N) |
| DANIEL STUART ADDISON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This action is before the Court on a motion (doc. 87) filed by the defendant, Daniel

Stuart Addison, for an order requiring his appointed trial counsel to send him a copy of

his entire case file.  Addison contends that he is "incarcerated and is unable to pay for a

copy of the entire case file."  Consequently, Addison is asking this Court to provide him

with his case file at the government's expense but has failed to state any reason or

particularized need for that record.

Upon consideration of the motion, together with Addison's pending motion to

vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (docs. 65-66), the

undersigned concludes and it is, therefore, **ORDERED** that this motion is due to be and

is hereby **DENIED**.  "A federal prisoner is not entitled to obtain copies of Court records

at the Government's expense to search for possible defects merely because he is indigent."

United States v. Johnson, 2006 WL 1699433, * 1-2 (W.D. Tenn. June 15, 2006), *quoting*,

Campbell v. United States, 538 F.2d 692, 693 (5th Cir.1976).[1]  *See also*, United States v.

Byrd, 2007 WL 4521531, * 1 (M.D. Fla. Dec. 19, 2007)("It is well settled that a federal

prisoner is not entitled to obtain court records at government expense to search for

possible defects merely because he is indigent."), *citing*,  United States v. Herrera, 474

F.2d 1049 (5th Cir.1973).

     **Done** this 3rd day of February, 2010.

                          /s/ Katherine P. Nelson
                          UNITED STATES MAGISTRATE JUDGE

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.